NOT DESIGNATED FOR PUBLICATION

No. 122,536

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FLOYD EARL TAYLOR III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; DAVID DEBENHAM, judge. Opinion filed September 4, 2020. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: Floyd Earl Taylor III appeals following the district court's revocation of his probation and imposition of his underlying sentences. We granted Taylor's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). On appeal, Taylor contends that the district court abused its discretion in revoking his probation and in imposing his underlying sentence. Specifically, Taylor argues that two of his three violations were technical in nature and that the district court should have reinstated his probation. Based on our review of the record, we conclude that the district court did not abuse its discretion in revoking Taylor's probation or in ordering him to serve his underlying sentence. Thus, we affirm.

1

FACTS

As part of a plea deal in July 2019, Taylor pleaded guilty to one count of aggravated assault of a law enforcement officer using a deadly weapon. The court found him guilty of the charge and sentenced him to an underlying term of 18 months' imprisonment and a postrelease supervision term of 12 months. However, the district court suspended the sentence and granted Taylor probation.

In December 2019, the State filed a motion for an order to show cause why Taylor's probation should not be revoked. In support of the motion, the State submitted an affidavit from Taylor's probation officer. In the affidavit, Taylor's probation officer attested that Taylor had failed to remain law abiding, had failed to report as directed, and had failed to remain drug and alcohol free.

At a probation hearing in January 2020, the State presented evidence that Taylor was arrested on December 17, 2019, at the Capital Plaza Hotel. In a search of Taylor's backpack incident to his arrest, the police found a camera and three bank deposit bags. One of the deposit bags had the words "Museum Deposit" printed on it. The arresting officer knew that there had been a burglary the previous night at the Harley-Davidson dealership and museum located nearby. Subsequently, the police learned that the serial number on the camera found in Taylor's backpack matched that of one stolen from the Harley-Davidson dealership the night before.

Two more things linked Taylor to the burglary of the Harley-Davidson. First, Taylor was wearing steel-toed boots at the time of his arrest that matched prints left in the snow and on one of the doors of the Harley-Davidson dealership. Second, the police found a bag on Taylor that contained a large amount of cash and receipts from the Harley-Davidson dealership. The police also found Taylor to be in possession of a plastic bag that contained a white substance. This substance later tested positive for cocaine.

In addition, Taylor's probation officer testified at the hearing. She stated that Taylor had failed to report to her as instructed after he was released from jail on December 12, 2019. The probation officer also testified that Taylor admitted to using marijuana and had signed an admission of drug use statement.

After hearing the evidence, the district court found that it was sufficient to establish that Taylor had violated the terms of his probation by failing to remain law abiding, failing to report to his probation officer as directed, and failing to remain drug free. The district court acknowledged that the second and third violations were—by themselves—fairly minor and would usually merit lesser sanctions. However, when viewed together with the evidence of the commission of new crimes, the district court revoked Taylor's probation and ordered him to serve his original sentence.

Thereafter, Taylor filed a timely notice of appeal.

ANALYSIS

On appeal, Taylor contends that the district court abused its discretion by refusing to reinstate his probation in light of the fact that two of the three violations of the terms of his probation were "technical" in nature. Judicial discretion is abused only if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). The party asserting the district court abused its discretion—in this case Taylor—bears the burden. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Taylor argues that the district court's decision to revoke his probation was unreasonable. Despite his invitation to have us do so, we cannot focus simply on his two less severe probation violations. Rather, we must look at the entire record. In doing so, we find that Taylor violated the terms of his probation in at least three ways. We also

reject the premise that failure to report to one's probation officer as directed or using drugs is insignificant. Nevertheless, these violations must be viewed together with the evidence of the new crimes which the district court found that he had committed.

We note that Taylor does not challenge the sufficiency of the evidence presented at the revocation hearing to establish that he committed at least three probation violations. In addition to failing to report to his probation officer as directed and using marijuana, a review of the record shows that substantial evidence was presented upon which the district court could reasonably conclude that Taylor committed new crimes. This evidence is set forth above. In addition to being found to be in possession of items reported stolen from the Harley-Davidson dealership, Taylor was also found to be in the possession of cocaine at the time of his arrest.

We conclude that based on the evidence presented at the probation hearing the district court did not act unreasonably in revoking Taylor's probation or in requiring him to serve his underlying sentence. Likewise, we do not find that the district court made an error of law or fact. Accordingly, we conclude that the district court did not abuse its discretion, and we affirm its decision.

Affirmed.